The following is the opinion of the Court of Appeals.
Curia, per
Johkston, Ch.
We are satisfied with the position laid down in the decree of 1844 — that parties who undertake to enforce securities taken by this Court, without having obtained its authority, must do so under the responsibility of shewing, whenever the matter is drawn in question here, that they have such a case as would have induced the Court to place the instrument under their control.
To this it must be added, that they must comply with whatever conditions the Court would have annexed to its order for the delivery or assignment of the securities to them ; and it appears, upon principle, that suits at law, upon these obligations, must be at the risk and charge of the party desiring to use them, and in exoneration of the commissioner. ®ee practice in analagous cases, in the Ecclesiastical Courts, stated In the goods of Joseph Hall, quoted in Villard v. Robert.
The bond in the case before us was taken by the Court, in the name of its commissioner. The interest of Mr. Napier in the instrument must depend upon his interest in the fund to which it relates.
That fund was ordered to be paid into Court, subject to its further order. All the unsatisfied creditors of Descoudres’ estate were interested in it, and the decree of 184U, on which Napier relies, gave him no exclusive right, until, according to its terms, it should be ascertained, by further proceedings, that his debt was entitled to be paid out of it, “ in a due course of administration.”
Where a single party is manifestly entitled to the exclusive benefit of a security in the hands of the Court, it may be ordered out to him, upon the terms before stated.
But where several parties are interested, and the application is by one of them, it would seem to be the safer prac- *197 lice to direct the officer, holding the security, to bring suit, upon being indemnified, as to costs and expenses — and bring the proceeds of the suit into Court for its further older.
Such an order would have been granted on the application of Mr. Napier, if the Court had not entertained doubts, (which it now no longer entertains,) of the propriety of putting the bond in suit. And we suppose it will, under the circumstances, be a substantial compliance with the requisitions just stated, to direct that he be allowed to proceed, at his own costs and charges, with the suit already brought; the proceeds of the suit to be brought by him into this Court, subject to its order; and that tire Commissioner attend with the bond, in order to sustain the suit. And it is so ordered.
In coming to this conclusion, we do not intend to express any opinion whether there is a breach of the condition of the bond or not. That is properly a question of law, and may be well decided on the trial in the law Court.
It may be admitted that there are cases in which this Court will not subject a party to the consequences of a technical breach, though one be committed. But we do not, in this case, see equity sufficient to induce us to put any restraint upon the legal effects of the bond, as against the parties to it.
It is ordered that the decrees appealed from be modified, according to the foregoing opinion and order.
Caldwell and Daugan, CC. concurred.

Decrees Modified.